IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00649–MSK–KMT

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

      Plaintiff,

v.

LNC COMMUNITIES II, LLC,
LENNAR COLORADO, LLC,
THE GENESEE COMPANY, LLC, and
LENNAR FAMILY OF BUILDERS LIMITED PARTNERSHIP,

      Defendants.

---

## RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Defendants' Combined Motion to Dismiss or in the Alternative Stay Proceedings and Brief in Support." (Doc. No. 14, filed April 21, 2011 [Mot.].) "Plaintiff's Response to Defendants' Motion to Dismiss" was filed on May 20, 2011 (Doc. No. 19 [Resp.]) and "Defendants' Reply Brief in Support of Motion to Dismiss" was filed on June 20, 2011 (Doc. No. 32 [Reply]).  To the extent that Defendants' Motion seeks a stay of proceedings, District Judge Krieger denied Defendants' original Motion for failure to comply with Local Rule 7.1.A (Doc. No. 15, entered Apr. 22, 2011) and a renewed motion to this effect was not properly re-filed.  As such, Defendants' Motion is before this court only to the extent that it seeks to dismiss Plaintiff's Complaint.

**FACTUAL BACKGROUND**

The following facts are taken from Plaintiff's Complaint (Doc. No. 1, filed Mar. 15, 2011) and the parties' submissions with respect to this Recommendation.  This suit arises out of an underlying lawsuit (hereinafter, the "Falls at Legend Trail Lawsuit") filed by The Falls at Legend Trail Owners Association, Inc. (hereinafter the "Falls HOA").  (Compl. ¶ 12-17.)  In that lawsuit, initially filed on May 18, 2009, the Falls HOA alleged that Defendants (hereinafter collectively referred to as the "Lennar Companies" or "Lennar Defendants"[1]) were liable for construction defects at a residential development in Colorado named The Falls at Legend Trail. (*Id.* ¶ 12.)

The Lennar Companies were insured under various commercial general liability policies. (Mot. at 4–6.)  Specifically, the Lennar Companies held two primary insurance policies (hereinafter "the Primary Policies") as follows: (1) A commercial general liability policy issued by OneBeacon Insurance Company, formally known as General Accident Insurance Company (hereinafter "General Accident"), with an occurrence limit of $1,000,000 and a general aggregate limit of $2,000,000; and (2) a commercial general liability policy issued by American Safety Risk Retention Group, Inc. (hereinafter "American Safety"), with an occurrence limit of $1,000,000.[2]  (Mot. at 5.)

---

[1] In addition to the Defendants whose name refers to Lennar or a derivation thereof, the collective reference also includes The Genesee Company, LLC.

[2] General Accident and American Safety, collectively, are hereinafter referred to as "the Primary Insurers."

In addition, the Lennar Companies assert that they carried umbrella, or excess, insurance policies as follows: (1) a commercial umbrella policy issued by Plaintiff Insurance Company of Pennsylvania (hereinafter "ICSOP" or "Plaintiff ICSOP") with an occurrence limit of $5,000,000 and an aggregate limit of $5,000,000; and (2) a commercial umbrella policy issued by Ohio Casualty Insurance Company (hereinafter "Ohio Casualty") with an occurrence limit of $50,000,000 and an aggregate limit of $50,000,000.[3]  (*Id.* at 5-6.) Excess policies, like the one issued by ICSOP, typically provide coverage for "[o]nly that portion of damages in excess of the total of the applicable limits of insurance of the underlying [or primary] policies."  (*See* Compl. ¶ 27.)

The Lennar Companies maintain that they notified both the Primary and Excess Insurers of the Falls HOA's claims and requested legal defense and indemnity.  (Mot. at 4.) Nevertheless, according to the Lennar Companies, "none of these insurers meaningfully participated in the defense of the claim or agreed to provide reasonable settlement authority." (Mot. at 4.)  In March 2011, under the threat of multi-million dollar liability at trial, the Lennar Companies settled the Falls at Legend Trail Lawsuit with the Falls HOA, without the approval of ICSOP.  (Compl. ¶ 18; Mot. at 6.)  While American Safety and Ohio Casualty promised to fund a small part of the settlement, ICSOP did not.  (Mot. at 6–7.)

---

[3] ICSOP and Ohio Casualty, collectively, are hereinafter referred to as "the Excess Insurers."

**PROCEDURAL HISTORY**

Instead, on March 15, 2011, Plaintiff ICSOP filed the present action for declaratory

relief, pursuant to 28 U.S.C. § 2201, seeking a declaration that it has no duty to defend or

indemnify the Lennar Defendants with respect to the Falls at Legend Trail Lawsuit.  Specifically,

in its Complaint, Plaintiff ICSOP alleges that it has no duty to defend or indemnify the Lennar

Defendants because, under the commercial umbrella, or excess, policy issued by ICSOP ("the

ICSOP Policy"): (1) there was no "occurrence"; (2) there was no "property damage"; (3) if any

"property damage" did occur, it occurred prior to the period covered by the ICSOP Policy; (4)

the Lennar Defendants have not exhausted the applicable limits of all underlying insurance; (5)

the damages sought in the underlying action fall under the ICSOP Policy's Earth Movement

Exclusion; (6) the damages sought in the underlying action fall under the ICSOP Policy's

Professional Services Exclusion; (7) the Lennar Defendants failed to provide ICSOP with timely

notice of the Falls HOA's claims; (8) that the Lennar Defendants are not named insureds under

the ICSOP Policy; and (9) that the ICSOP Policy prohibited the insureds, except at their own

cost, from voluntarily making a payment, assuming any obligation, or incurring any expenses,

without ICSOP's consent.

On April 21, 2011, the Lennar Companies filed suit in Denver County District Court

(hereinafter "the Parallel Suit") against all of their insurers—the Primary Insurers, ICSOP, and

Ohio Casualty—as well as Chartis Claims, Inc., formerly known as AIG Domestic Claims, Inc.

(Mot. at Ex. A; *see also* Compl. [Doc. No. 2, filed May 20, 2011], Case No. 11-cv-1346-MSK-

KMT).  In the Parallel Suit, the Lennar Companies assert claims for breach of contract, bad faith

breach of insurance contract, relief pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -16, and

declaratory judgment alleging that its insurers were and are obligated to defend and indemnify

the Lennar Companies for liability and defense costs arising out of the Falls at Legend Trail

Lawsuit.  (*Id.*)[4]  ICSOP removed the Parallel Suit to this court from Denver County District

Court on May 20, 2011.  (Notice of Removal [Doc. No. 1, filed May 20, 2011], Case No. 11-cv-

1346-MSK-KMT.)  This case is pending before District Judge Krieger, as well as the

undersigned Magistrate Judge.[5]

    The Lennar Defendants filed their present Motion the same day as they filed the Parallel

Suit.  In their Motion, The Lennar Defendants seek to dismiss Plaintiff ICSOP's Complaint

pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join required and indispensable parties under

Fed. R. Civ. P. 19.  (Mot. at 8–19.)  The Lennar Defendants also argue that Plaintiff ICSOP's

Complaint should be dismissed because the court should decline to exercise its jurisdiction under

the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  (Mot. at 19-22.)  Finally, the Lennar

Defendants argue that the court should decline to exercise jurisdiction because this case "was

filed as reactive litigation."  (*Id.* at 22-24.)

---

[4] The court takes judicial notice of the claims alleged by the Lennar Companies in the Parallel Suit.  *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008) (taking judicial notice of documents in the public record).

[5] It appears that the same Denver County District Court case—specifically, Case No. 2011-cv-2997—was again removed by American Safety on July 14, 2011.  (Notice of Removal [Doc. No. 1], Case No. 11-cv-01839-MSK-KMT.)  While the court does not opine as to the procedural propriety of this second removal, for purposes of the analysis of this Recommendation, the court focuses exclusively on the first-removed Parallel Suit and notes that the same District Court and Magistrate Judges are assigned on all three related cases.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) allows for dismissal for failure to join a person under Rule 19. Rule 19 requires a two-step analysis before dismissing a claim for failure to join an indispensable person. *Sierra Club v. Young Life Campaign,* 176 F. Supp. 2d 1070, 1077 (D. Colo. 2001). First, the court must determine whether the absent person is "necessary" or, under the language in the newly revised Rule 19, "required." *Davis. v. United States,* 343 F.3d 1282, 1288-89 (10th Cir. 2003); Fed. R. Civ .P. 19(a).[6] A person is "required" to be joined under Rule 19 if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[6] Rule 19 was amended in 2007 for stylistic purposes only. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 855–56 (2008); Advisory Committee Notes on the 2007 Amendment to Fed.R.Civ.P. 19 (2007). The previous rule referred to "necessary" persons in 19(a), which are now called "required" persons, and "indispensable" persons in 19(b), persons the rule now generally refers to as those required to be joined if feasible [but] cannot be joined. *See id.* As the case law cited by the court will often discuss "necessary" and "indispensable" persons, these terms are used interchangeably with "required" persons and those persons "required to be joined if feasible [but] cannot be joined," respectively.

Fed.R.Civ.P. 19(a)(1).  A required person must be joined if feasible.  *Id.*  If the required person cannot be joined—i.e. if joining the party would destroy the court's jurisdiction, *Citizens Potawatomi Nation v. Norton,* 248 F.3d 993, 997 (10th Cir. 2001)—the court must turn to Rule 19(b).

Under Rule 19(b), if a required person "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed.R.Civ.P. 19(b).  The factors the court should consider in deciding whether to proceed without the required person include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).  The party seeking dismissal for failure to join bears the burden of persuasion.  *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1372 (10th Cir. 1998).

**ANALYSIS**

**I.**     ***Dismissal Under Rule 12(b)(7) for Failure to Join a Party Under Rule 19***

The Lennar Defendants' first argue that this action should be dismissed under Fed. R.

Civ. P. 12(b)(7) for failure to join an indispensable party under Fed. R. Civ. P. 19.  More

specifically, they maintain that because Plaintiff ICSOP seeks a determination that the primary

policies issued by General Accident and American Safety have not been exhausted, these parties

are required within the meaning of Rule 19(a).  (Mot. at 10-12.)  Thereafter, because joining

General Accident into this case would destroy diversity, the Lennar Defendants argue that the

court should dismiss this case because General Accident is an indispensable party.  (*Id.* at

12–19.)

**A.**     ***Rule 19(a) – Whether General Accident is a Required Party***

The Lennar Defendants first contend that General Accident is a required party,[7] and

therefore must be joined if feasible, because: (1) the court cannot provide complete relief among

the existing parties (Mot. at 11), (2) General Accident's ability to protect its interest relating to

---

[7] At times the Lennar Defendants' contend that both General Accident and American Safety must be joined under Rule 19.  However, the Lennar Defendants' Motion focuses primarily on General Accident.  This is ostensibly because joining General Accident would destroy diversity jurisdiction, whereas, presumably—although the court makes no such finding—joining American Safety would not destroy the court's jurisdiction.

In the Parallel Suit, discussed *infra,* all parties remain diverse, even with General Accident in the case, because of the manner in which the parties are aligned—General Accident and ICSOP both appear as defendants, with the Lennar Companies as plaintiffs.  *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005) (the Supreme Court has read 28 U.S.C. § 1332(a)(1)'s "formulation 'between . . . citizens of different States' to require complete diversity between all *plaintiffs* and all *defendants*.") (citations omitted; emphasis added).

the insurance policy it issued will be impaired or impeded if this action were to proceed without

it (*id.* at 11-12), and (3) proceeding without General Accident could subject ICSOP to multiple

or inconsistent obligations (Reply at 6).  The underlying thread to all of these arguments is that

the ICSOP Policy is not yet triggered because the Primary Policies—including the General

Accident policy—have not yet been exhausted.

       **1.**     ***Rule 19(a)(1)(A)***

      First, the Lennar Defendants' argue that, under Rule 19(a)(1)(A), the court cannot

provide complete relief among the existing parties—Plaintiff ICSOP and the Lennar Defendants

—because a determination of the Primary Insurers' obligations on the Primary Policies is a

necessary prerequisite to determining Plaintiff ICSOP's obligations on the ICSOP Policy.  (Mot.

at 11; Reply at 4-5.)  The Lennar Defendants rely primarily on *City of Littleton v. Commercial*

*Union Assurance Companies,* 133 F.R.D. 159 (D. Colo. 1990), in support of their argument that

the court cannot provide complete relief in General Accident's absence.

      In *Littleton,* the plaintiffs sued one of their primary insurance carriers and two excess

insurance carriers seeking a declaration of coverage for potential hazardous waste cleanup

liability.  *Id.* at 161.  The defendants moved to dismiss, on grounds that the two absent primary

insurance carriers were required parties under Rule 19(a).  *Id.*  Because the excess insurers'

coverage was "explicitly stated to be in excess of [the absent insurers' policies]" and therefore

was "dependent on the determination whether the primary insurers' policies . . . provide[d]

coverage," the court found that the it could not provide complete relief among the plaintiffs and

the excess insurers in the absence of the primary insurers.  *Id.* at 162-63.

In particular, the court first noted that "[i]n a declaratory judgment action, all interested parties should be joined and judgment should not be entered unless it disposes of a controversy and serves a useful purpose." *Id.* at 163 (citing *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.,* 518 F.2d 292, 296 (10th Cir. 1975) and *Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1275-76 (10th Cir. 1989)).   Moreover, the court found that complete relief could not be provided because:

> Although I could construe the absent insurers' policies, any declaration [of the absent insurers' liability] would not bind them, the plaintiffs or the named defendants.   Thus, the finality of any judgment as to the *excess insurers'* liability would be entirely contingent on a judgment in a necessary, parallel state court suit between the plaintiffs and the absent insurers.   The present defendants likely would be joined in that suit in which issues identical to those presented here would be considered.   In a Rule 19(a)(1) inquiry, I must consider the public's interest in avoiding repeated lawsuits on the same subject matter.   No useful purpose would be served by a partial judgment when there is a substantial risk of duplicative litigation.

*Id.* (internal citations omitted) (emphasis added).

Although here it is the excess insurer, Plaintiff ICSOP, seeking declaratory relief, whereas it was the insureds seeking such relief in *Littleton,* this distinction is of little importance. Instead, as in *Littleton,* the ICSOP Policy is explicitly stated to be in excess of the Primary Policies—including General Accident's policy—and is therefore dependent on a determination of whether the Primary Policies provide coverage.   (Compl. ¶ 27.)   While the court could construe General Accident's policy, it would not be binding on General Insurance, Plaintiff ICSOP, or the Lennar Defendants.   Thus, as in *Littleton,* the finality of judgment here as to Plaintiff ICSOP's liability would be entirely contingent on a necessary, parallel suit.   Indeed,

10

unlike in *Littleton,* the Lennar Companies have filed the Parallel Suit and have named all of its

insurers with respect to the Falls at Legend Trail Lawsuit as defendants.  Thus, the concern of a

contingent judgment raised in *Littleton* is not theoretical here, but entirely real.

Despite the clear implications of *Littleton* over this issue, Plaintiff ICSOP maintains that

"[a] judgment in favor of ICSOP that it owes no duty either to defend or to indemnify [the

Lennar Defendants] would completely resolve the controversy between ICSOP and [the Lennar

Defendants]."  (Resp. at 5-6.)  However, Plaintiff ICSOP has not cited any case law or other

authority for this proposition.  Plaintiff ICSOP does cite *Federal Insurance Co. v. SafeNet, Inc.,*

758 F. Supp. 2d 251 (S.D.N.Y 2010), in a parallel portion of its Response for its holding that a

primary insurer was not a necessary party because complete relief could be afforded between the

insured and excess insurer.  (Resp. at 5-6.)  However, Plaintiff ICSOP fails to note that the

*SafeNet* court expressly distinguished the context before it from the facts in *Littleton.*  758 F.

Supp. 2d at 260.  More specifically, unlike in *Littleton* and this case, the *SafeNet* plaintiff did not

seek a declaration apportioning liability between primary and excess insurers.  *Id.*  "[A]s

opposed to an action seeking declarations of the respective obligations of multiple insurers," the

plaintiff sought "*rescission* of and [other unspecified] declarations regarding the Excess

Policies."  *Id.* at 254, 261 (emphasis added).  Thus, *Safenet* is largely irrelevant to the

circumstances presented here.

Otherwise, *Littleton* has garnered a respectable following for its holding that primary

insurers are required parties "where liability of the excess insurers [is] premised on whether or

not primary insurance policies issued by absent primary insurers provided coverage."  *Witco*

11

*Corp. v. Travelers Indemnity Co.,* No. 93-4709, 1994 WL 706076, at *5 (D.N.J. Apr. 7, 1994) (unpublished) (further noting that "[w]hile this court is not bound by the *Littleton* court's holding, it agrees entirely with that court's logic"); *see also Sta-Rite Indust., Inc. v. Allstate Ins. Co.,* 96 F.3d 281, 286 (7th Cir. 1996). Thus, pursuant to *Littleton,* the court finds that under the circumstances presented here, the court cannot provide complete relief to the existing parties in the absence of the Primary Insurers, including General Accident. Accordingly, the court finds that General Accident is a required party pursuant to Fed. R. Civ. P. 19(a)(1)(A).

### 2.      *Rule 19(a)(1)(B)(i)*

The Lennar Defendants also argue that General Accident is a required party under Rule 19(a)(1)(B)(i) because General Accident "has an interest relating to the subject matter of this action in that the primary layer of insurance it issued to [The Lennar Companies] is beneath the umbrella policy issued by ICSOP" and "General Accident's ability to protect its interest relating to the insurance policy it issued will be impaired or impeded." (Mot. at 11.) In particular, General Accident's interest will be impaired or impeded "because in determining the obligations of ICSOP in this . . . action, the [c]ourt will necessarily have to make findings regarding General Accident's obligations." (*Id.* at 11-12.) The court agrees.

Rule 19(a)(1)(B)(i)'s concern with prejudice to an absent party is not limited to circumstances where that party will be technically bound by a judgment. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110 (1968). Rather, in light of its plain language, the rule "looks to whether a litigant's interests will be impaired in a practical sense if an action proceeds in the person's absence." *Shell Oil Co. v. Aetna,* 158 F.R.D. 395, 404 (N.D. Ill. 1994).

12

Only an absent party's claimed interest that is "patently frivolous" is excluded from consideration under Rule 19(a). *Citizens Potawatomi Nation v. Norton,* 248 F.3d 993, 998 (10th Cir. 2001).

Because the prejudice prong of Rule 19(b)(1) is "related to" the Rule 19(a)(1)(B)(i) inquiry, *Littleton's* discussion of the former is instructive. 133 F.R.D at 164; *see also Theiss v. Mercer,* 09-cv-02931-CMA-KLM, 2010 WL 2635521, at *2 (D. Colo. June 25, 2010) (unpublished) (noting that "the first and third parts of [the Rule 19] analysis appear to be the same"). There, the court found that practical prejudice may result if the court determined the extent of the absent insurers' coverage because "a state court may be inclined to reach a similar conclusion." *Littleton,* 133 F.R.D. at 164. Thus, even though the absent insurers would not be bound by the court's judgment, "their absence could deny them the opportunity to present their individual defenses at a meaningful time, *e.g.,* when the issues are first litigated." *Id.*

Here, General Accident's interests may be practically impaired if it is not joined. In order to adjudicate Plaintiff ICSOP's claim that it has no duty to defend or indemnify the Lennar Defendants on grounds that all the Primary Policies have not been exhausted (Compl. ¶¶ 43-46), the court will necessarily have to determine the Primary Insurers' liability. While this determination will not be binding on General Accident, other courts addressing General Accident's insurance obligations to the Lennar Companies, if any, may be inclined to follow the determination reached in this case. Indeed, this concern is particularly acute here because the Parallel Suit is also before District Court Judge Krieger. If the Parallel Suit remains before

Judge Krieger,[8] common sense dictates that she is unlikely to contradict any determination reached in this case as to General Accident's liability.

Plaintiff ICSOP first contends that General Accident will not be prejudiced because the parties agree that General Accident and American Safety's policies are not exhausted and therefore the court need not address exhaustion.  (Resp. at 6–7.)  Although the court notes that the Lennar Defendants actually do contest whether the Primary Policies have been exhausted, Plaintiff ICSOP misses the point.  First, even if the parties agree that General Accident's policy has not been exhausted, that does not absolve the court from reaching that issue; it remains a necessary prerequisite for resolving Plaintiff ICSOP's exhaustion claim.  Moreover, common sense dictates that, if anything, General Accident and other primary insurers would contend that their policies *have been exhausted* in order to avoid further liability.  Thus, the fact that Plaintiff ICSOP and the Lennar Defendants might agree that General Accident's policy has not been exhausted does not mitigate the potential prejudice to General Accident.  *Cf. Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.,* 94 F.3d 1407, 1413 (10th Cir. 1996) (noting that "[i]f, as a practical matter, the interests of the absent party will be adequately represented," their interests may not be impaired under Rule 19(a)).  Instead, it actually supports the position that disposing of this action in General Accident's absence may impair or impede its ability to protect its interest in subject of this case.  *See id;* Fed. R. Civ. P. 19(a)(1)(B).

---

[8] The court takes judicial notice of the fact that The Lennar Companies have filed a motion to remand in that case.  (Mot. to Remand [Doc. No. 19, filed June 20, 2011], Case No. 11-cv-1346-MSK-KMT.)

Nor does the court find that General Accident's claimed interest in the subject of this litigation is "patently frivolous." *Citizens Potawatomi Nation,* 248 F.3d at 998.  While the Lennar Defendants' *allegation* that "General Accident refused to contribute towards resolution of [the Falls HOA's] claim except upon unreasonable, bad faith conditions" (Mot. at Ex. A ¶ 35) raises a distinct possibility that General Accident's policy has not been exhausted, the court finds that this is simply an insufficient basis upon which to find that General Accident's interest in this case is frivolous on its face.  *See Citizens Potawatomi Nation,* 248 F.3d at 998 (suggesting that the non-moving party bears the burden of demonstrating that an absent parties' claimed interest is patently frivolous).

Plaintiff ICSOP also argues that "[f]or a party to be necessary, it must *claim* an interest in the litigation."  (Resp. at 9; emphasis added.)  While an absent party may be required to affirmatively "claim" its interest in the Second Circuit, *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 49 (2d Cir. 1996), and the Ninth Circuit, *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir. 1983), there does not appear to be any such requirement in the Tenth Circuit, *see, e.g., Davis v. United States,* 192 F.3d 951, 962 (10th Cir. 1999) (finding an absent party to be a necessary party where the absent party did not affirmatively claim an interest, but instead only "ha[d] an interest relating to" the plaintiff's claim).  Indeed, it would be strange to require that an *absent* party affirmatively claim their interest in the subject of the action.  This approach would seemingly offer Rule 19(a)(1)(B)(i)'s protections only to those absent parties who actually know of the litigation where they were not named as a party.

In any event, it appears that the Tenth Circuit has construed Rule 19's requirement that an absent party "claims an interest" to mean that the interest need not be demonstrably and legally valid. *Citizens Potawatomi Nation,* 248 F.3d at 998 (quoting *Davis*, 192 F.3d at 958). Instead, all that is required is that a "movant show that the absent party '*claims an interest relating to the subject of the action.*'" *Id.* (quoting *Davis,* 192 F.3d at 958 (emphasis in original).

Plaintiff ICSOP next argues that General Accident is not a required party because "if any primary insurer had an interest in this suit, it could intervene without destroying diversity." (Resp. at 9.)  This argument has clearly been rejected by the Tenth Circuit.  *Navajo Tribe v. New Mexico,* 809 F.2d 1455, 1473 n.25 (10th Cir. 1987) (to argue that an absent party "can protect its interest through voluntary intervention would render Rule 19(b) almost completely nugatory . . . . Under [this] argument, a court could never find a Rule 19(a)(2)(i) party indispensable under Rule 19(b), because such a party could always protect his interest by intervening").

Finally, and similarly, Plaintiff ICSOP's argument that The Lennar Companies could simply bring a third-party complaint against General Accident and American Safety does not pass muster.  (Resp. at 2-3.)  Under Fed. R. Civ. P. 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of *the claim against it*."  (emphasis added.)  Here, simply put, General Accident and American Safety are not liable to the Lennar Defendants for Plaintiff ICSOP's claims for declaratory relief against the Lennar Defendants.

Altogether, the court finds that General Accident has an "interest relating to the subject of [this] action" such that disposing of this action in General Action's absence may "as a

practical matter impair or impede" General Accident's ability to protect that interest.  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Accordingly, pursuant to Rule 19(a)(1)(B)(ii), General Accident is a required party.

### 3.       *Rule (19)(a)(1)(B)(ii)*

Under the final prong of the Rule 19(a) analysis, the Lennar Defendants argue that "proceeding in the absence of [the Lennar Defendants'] primary insurers could subject ICSOP to multiple or inconsistent obligations."  (Reply at 6; *see also* Mot. at 12.)  "Inconsistent obligations are created when two courts issue orders and compliance with one would cause a breach of the other." *Littleton,* 133 F.R.D. at 164 (citing *Micheel v. Haralson,* 586 F. Supp. 169, 171 (E.D. Pa. 1983). "'The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) standard.'" *Sac and Fox Nation v. Norton,* 240 F.3d 1250, 1258 (10th Cir. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604 at 62 (2d ed. 1986)).

Here, to adjudicate Plaintiff ICSOP's claims, among other things, the court will have to determine whether an "occurrence" has happened; whether "property damage" has occurred; and, as already discussed, whether or not the Primary Policies have been exhausted.  (*See* Compl.)  It is not inconceivable that this court and another court could "reach different conclusions on these matters, thus leaving some parties subject to conflicting orders." *Littleton,* 133 F.R.D. at 159; *see also U.S. Fire Insurance Co. v. HC-Rockrimmon, L.L.C.,* 190 F.R.D. 575,

577 (D. Colo. 1999) (finding that the conceded risk of inconsistent judgments regarding a complex issue provided a basis for finding an absent third party necessary to the action).

Moreover, due to the Parallel Suit, the possibility of inconsistent judgments is not speculative, but real.  For example, it is plausible that different outcomes could be reached between this case and the Parallel Suit as to whether an "occurrence" has happened.  Of course, as a practical matter, it seems quite unlikely that contradicting orders will be issued so long as this case and the Parallel Suit are both pending before District Judge Krieger.  However, as already discussed, the Lennar Companies have moved to remand the Parallel Suit back to state court.  (Doc. No. 19, Case No. 11-cv-1346-MSK-KMT.)  Although the court does not opine as to the merits of the Lennar Companies' motion to remand, if it were granted, the risk of conflicting orders would be renewed.

Notwithstanding the above, in its Response, Plaintiff ICSOP points to several cases from outside of this circuit that stand for the proposition that "'inconsistent obligations' are not, however, the same as inconsistent adjudications or results." *Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 (1st Cir. 1998) (quoting *Micheel,* 586 F. Supp. at 171).  Under this approach,

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Id.* (internal citations omitted).

While it is not clear whether the Tenth Circuit has adopted, or would adopt, this more exacting approach, the court finds that it is satisfied here.  For example, if this court were to

18

order that Plaintiff ICSOP has no duty to provide coverage because the Primary Policies have not been exhausted, but the court in the Parallel Suit concluded that ICSOP does owe a coverage obligation because the Primary Policies were exhausted, Plaintiff ICSOP's compliance with the order issued in this case would necessarily breach the contrary order in the Parallel Suit.

Accordingly, even under the approach offered by Plaintiff ICSOP, the court finds that Plaintiff ICSOP would be subject to a substantial risk of incurring inconsistent obligations because of General Accident's interest in this action.  Therefore, under the third Rule 19(a) prong, General Accident is a required party.

In summation, the court finds that General Accident is a required party under all three prongs of Rule 19(a).  Therefore, the court proceeds to the second step of the Rule 19 analysis.

### B.       Rule 19(b) – Whether the Court Should Dismiss Rather than Proceed in General Accident's Absence

In their Motion, the Lennar Defendants contend that General Accident—like Plaintiff ICSOP—is a Pennsylvania corporation, and therefore cannot be joined as a party in this suit because it would destroy this court's diversity jurisdiction under 28 U.S.C. 1332.  (Mot. at 12.) Plaintiff ICSOP does not contest that General Accident would destroy diversity jurisdiction if joined in this case.  Accordingly, the court turns to Rule 19(b) to determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

1.      *Rule 19(b)(1)*

The first Rule 19(b) factor addresses to what extent a judgment rendered in a person's

absence might prejudice that person or an existing party.  Fed. R. Civ. P. 19(b)(1).  As noted

above, this first factor "directs the court's attention to interests of both present and absent parties

and, thus, is related to the Rule 19(a)(2)(i) and (ii) inquiries." *Littleton,* 133 F.R.D. at 164 (citing

3A Moore's Federal Practice ¶ 19.07-2[1] (1989)).  Here, the court has already found that

General Accident may be prejudiced to the extent that the court in the Parallel Suit may be

inclined to reach a similar conclusion as to whether General Accident's policy has been

exhausted.  *Id.*  The court has also already found that Plaintiff ICSOP may be subject to

prejudicial and inconsistent obligations if an order from this court conflicted with an order issued

in the Parallel Suit as to ICSOP's coverage obligations.  *Id.*

Moreover, the court finds that the Lennar Defendants are likely to be prejudiced if this

case were to proceed without General Accident.  More specifically, if this court concluded that

Plaintiff ICSOP owed no duty to cover because General Accident's policy was not exhausted,

that conclusion would not be binding on General Accident.  In the event that General Accident

convinced the court in the Parallel Suit that its policy has been exhausted, the Lennar Companies

would end up with an unwarranted gap in coverage due to these inconsistent outcomes.  *See*

*Schlumberger Indust., Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274, 1286-87 (4th Cir. 1994) (finding a

pronounced potential for prejudice where the insured might be "whipsawed" by inconsistent

factual determinations resulting in less than full coverage).  Thus, the potential for inconsistent

20

outcomes between this case and the Parallel Suit might also be highly prejudicial to the Lennar Companies.

### 2. *Rule 19(b)(2)*

The second Rule 19(b) factor addresses the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures. Fed. R. Civ. P. 19(b)(1)(a); *Littleton,* 133 F.R.D. at 165.

Arguably, here, as was proposed in *Littleton*, relief could be shaped by initially construing Plaintiff ICSOP's policy but withholding judgment until General Accident and American Safety's coverage and defense liability are determined in the Parallel Suit. 133 F.R.D. at 165. "This solution, however, would not promote judicial efficiency, economy, or the courts' or parties' convenience and would unnecessarily invite complexity, delay, and a needless increase of litigation costs." *Id.*

Alternatively, the court could shape relief by providing that the court's determination of General Accident's obligations is not binding on General Accident or the Lennar Companies, since that issue remains to be litigated between these two parties in the Parallel Suit. However, this lack of binding effect would effectively render the judgment in this case meaningless. *See Virginia Sur. Co. v. Northrop Grumman Corp.,* 144 F.3d 1243, 1248 (9th Cir. 1998).

Finally, the court could perhaps shape relief by adjudicating only Plaintiff ICSOP's claims that are not contingent on a construction of the primary insurers' policies. For example, whether coverage under the ICSOP Policy is excluded under the Earth Movement Exclusion or the Professional Services Exclusion (Compl. ¶¶ 47-54) does not appear to be contingent on a

construction of the policy issued by General Accident.  However, this piecemeal approach would similarly thwart any potential of providing complete relief between Plaintiff ICSOP and the Lennar Defendants in this case and would further waste judicial resources.

Otherwise, no reasonable alternative to lessen or avoid the prejudice inherent in this case is obvious.  Nor has Plaintiff ICSOP suggested any such approach.

### 3.      Rule 19(b)(3)

The third Rule 19(b) factor addresses "whether a judgment rendered in the person's absence would be adequate."  Fed. R. Civ. P. 19(b)(3).  The court has already concluded that complete relief will not be available between Plaintiff ICSOP and the Lennar Defendants if General Accident is not joined.  "The propriety of rendering judgment in these circumstances is questionable.  This is particularly so because of both the possible prejudice that may arise if jurisdiction is retained and the inability to shape relief adequately."  *Littleton,* 133 F.R.D. at 165. In light of the fact that only incomplete relief can be provided with a significant potential for prejudice to both the existing and absent parties, this factor weighs in favor of dismissing this case.

### 4.      Rule 19(b)(4)

The final Rule 19(b) factor addresses "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b)(4).  This factor "impacts not only the parties' interests but those of the courts and the public in complete, consistent and efficient settlement of controversies."  *Littleton,* 133 F.R.D. at 166 (citing *Provident Tradesmens Bank,* 390 U.S. at 111).  However, "'[t]he availability of an alternative

forum is primarily of negative significance under Rule 19.  The absence of an alternative forum

would weigh heavily, if not conclusively against dismissal while the existence of another forum

would not have as significant an impact in favor of dismissal.'"  *Rishell,* 94 F.3d at 1413

(quoting *Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 501 n.9 (7th Cir. 1977).

Thus, "'[t]he potential existence of another forum does not, in and of itself, outweigh a plaintiff's

right to the forum of his or her choice.  Some additional interest of either the absent party, the

other properly joined parties or entities, or the judicial system must also be present.'"  *Id.*

(quoting *Local 670, Rubber Workers v. Int'l Union, United Rubber Workers,* 822 F.2d 613, 622

(6th Cir. 1987)).

      First, plainly there is an alternative forum in this case as evidenced by the Parallel Suit,

where all of the Lennar Companies' insurers with respect to the Falls at Legend Trail Lawsuit

are named as defendants.  In fact, the "alternative" forum is, as currently situated, the exact same

forum that Plaintiff ICSOP chose in pursuing this declaratory action.  Moreover, the court takes

judicial notice of ICSOP's motion to dismiss in that case (Mot. to Dismiss [Doc. No. 3, filed

May 20, 2011], Case No. 11-cv-1346-MSK-KMT), which is entirely premised on the fact that

ICSOP filed this case before the Lennar Companies filed the Parallel Suit.  *Cf. Buzas Baseball,*

*Inc. v. Bd. of Regents,* 189 F.3d 477, 1999 WL 682883, at *3 (10th Cir. Sept.2, 1999)

(unpublished table opinion) ("[a] district court may decline to follow the first-to-file rule and

dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a

trial of the same issues in a court of coordinate jurisdiction.")  Thus, notably, ICSOP has not

asserted more compelling grounds for dismissal in that case, such as a lack of personal or subject-matter jurisdiction.

Additionally, the court does not ground its conclusion that dismissal is warranted in this case solely on the basis of an existing alternative forum. *Rishell,* 94 F.3d at 1413. Rather, as already discussed, complete relief cannot be provided in General Accident's absence and proceeding may substantially prejudice both the existing parties and the absent Primary Insurers. Moreover, judicial economy would be promoted if Plaintiff ICSOP's present claims were instead presented in the Parallel Suit alongside the rest of the Lennar Companies' insurers. Thus, while the court recognizes Plaintiff ICSOP's "interest in litigating [its] claim in the forum of [its] choice," the clear and numerous advantages of fully adjudicating the entire dispute in the Parallel Suit in the same case advise against proceeding in General Accident's absence here. *Littleton,* 133 F.R.D. at 166.

To summarize, the court finds that General Accident is a required party under all three prongs of Fed. R. Civ. P. 19(a). Thereafter, under Rule 19(b), the court finds that "equity and good conscience," as well as all of the Rule 19(b) factors, dictate that this action be dismissed rather than proceeding in General Accident's absence. Accordingly, the court finds that under Fed. R. Civ. P. 12(b)(7) this action is properly dismissed.

## II.   *DISMISSAL UNDER THE DECLARATORY JUDGMENT ACT*

The Lennar Defendants next argue that dismissal is warranted under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Mot. at 19-22.). The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief could be provided."  28

U.S.C. § 2201(a).  However, "[t]he Supreme Court has long made clear that the Declaratory

Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not

impose a duty to do so.'"  *State Farm v. Mhoon,* 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub.*

*Affairs Assocs., Inc. v. Rickover,* 369 U.S. 111, 112 (1962)); *see also Brillhart v. Excess Ins. Co.,*

316 U.S. 491, 494 (1942) (district courts are "under no compulsion to exercise" their jurisdiction

under the Declaratory Judgment Act).

    The Tenth Circuit has held that "[a] federal court generally should not entertain a

declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are

likely to be decided in another pending proceeding."  *Kunkel v. Cont'l Cas. Corp.*, 866 F.2d

1269, 1276 (10th Cir. 1989).  Indeed, the Supreme Court has found that "[o]rdinarily it would be

uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit

where another suit is pending in a state court presenting the same issues, not governed by federal

law, between the same parties."  *Brillhart,* 316 U.S. at 495.  In determining whether to exercise

jurisdiction over a declaratory judgment action, the court should consider:

> [1] whether a declaratory action would settle the controversy; [2] whether it
> would serve a useful purpose in clarifying the legal relations at issue; [3] whether
> the declaratory remedy is being used merely for the purpose of "procedural
> fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a
> declaratory action would increase friction between our federal and state courts
> and improperly encroach upon state jurisdiction; and [5] whether there is an
> alternative remedy which is better or more effective.

*Mhoon,* 31 F.3d at 982 (quoting *Allstate Ins. v. Green,* 825 F.2d 1061, 1063 (6th Cir. 1987)).

The court finds that it is proper to decline to exercise its jurisdiction under the Declaratory Judgment Act in this case.  There is a pending court action, the Parallel Suit, where Plaintiff ICSOP's claims here may be presented as defenses.  Moreover, as already discussed, while this court may be able to construe the Primary Insurer's policies, any determination of their obligations will not be binding on them.  In contrast, the court in the Parallel Suit will be able to reach a binding resolution of those obligations.  Accordingly, under the first and second *Mhoon* factors, the court finds that a declaratory judgment will not settle the overall controversy and thus will serve little useful purpose.  This discussion also resolves the fifth factor—there is clearly an alternative and more effective remedy in the Parallel Suit because all issues relating to coverage of the Falls at Legend Trail Lawsuit can be resolved there.  *Cf. United States. v. City of Las Cruces,* 289 F.3d 1170, 1183 (10th Cir. 2002) (citing *ARW Exploration Corp. v. Aguirre,* 947 F.2d 450, 454 (10th Cir. 1991)) (noting that it is an abuse of discretion to dismiss a declaratory judgment action where there is "no pending state proceeding whatsoever").

The court finds that the fourth factor—whether this action "would increase friction between our federal and state courts and improperly encroach upon state jurisdiction"—is inconclusive at this point, and therefore does not weigh heavily in the court's calculus.  *Mhoon,* 31 F.3d at 982.  More specifically, because the Parallel Suit has been removed based on diversity jurisdiction and is presently pending before District Court Judge Krieger, the likelihood of any increased friction between state and federal courts or invading the province of the state courts is minimal.  At the same time, as already noted, the Lennar Companies have filed motion to remand the Parallel Suit.  (Doc. No. 19, Case No. 11-cv-1346-MSK-KMT.)  While the court

again expresses no opinion as to the merits of that motion, if remand were granted, this third

factor would weigh heavily in favor of dismissal of this case.

Finally, as to the third factor, the court finds that there is at least a colorable claim that

Plaintiff ICSOP filed this suit for purposes of "procedural fencing." Indeed, it is at least

arguable that Plaintiff ICSOP filed the present action so that it could carry any judgment

rendered here over into the Parallel Suit for purposes as *res judicata* or collateral estoppel. *See*

*Buzas Baseball,* 1999 WL 682883, at *3 (finding dismissal to be proper where the plaintiff

admitted that one consideration in filing declaratory judgment action was its concern that the

defendant would file suit first). Nevertheless, because the court finds that the above factors

clearly warrant against exercising jurisdiction, the court need not delve into Plaintiff ICSOP's

precise motivations for filing the present action.

Plaintiff ICSOP argues that "[t]his case is an insurance coverage declaratory judgment

action, and 'nothing in the Declaratory Judgment Act prohibits a [federal] court from deciding a

purely legal question of contract interpretation.'" (Resp. at 13-14 (quoting *Kunkel,* 866 F.2d at

1276.) While this statement may be true, the court finds that the relief Plaintiff ICSOP seeks

here is not limited to a determination of a "purely legal question of contract interpretation."

*Kunkel,* 866 F.2d at 1276. Rather, to grant Plaintiff ICSOP its requested declaratory relief, a

number of factual determinations must be made, including, but not limited to: at what time the

alleged property damage, if any, arose (*see* Compl. ¶¶ 39-42) and whether the Primary Policies

have been exhausted (*see id.* ¶¶ 43-46). Thus, the court finds that this facet of the *Kunkel*

holding is inapposite to the present case.

Altogether, the court finds that the balance of the *Mhoon* factors, as well as other considerations, clearly advise against exercising jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Accordingly, the court finds that this case is properly dismissed on these grounds.

## III.     DISMISSAL AS "REACTIVE LITIGATION"

The Lennar Defendants finally argue that this case should be dismissed as "reactive litigation" pursuant to *Continental Casualty Co. v. Robsac Industries,* 947 F.3d 1367 (9th Cir. 1991).  (Mot. at 22–24.)  However, because the court finds that dismissal is warranted under both Fed. R. Civ. P. 12(b)(7) and the Declaratory Judgment Act, 28 U.S.C. § 2201, and because the Lennar Defendants' reactive litigation argument is premised exclusively on a single Ninth Circuit case (Mot. at 22-24) without any reference to case law or other authority in the Tenth Circuit, the court declines to address this argument.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that "Defendants' Combined Motion to Dismiss or in the Alternative Stay Proceedings and Brief in Support" (Doc. No. 14) be GRANTED insofar as it seeks to dismiss Plaintiff's Complaint, and that this case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge