IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00649-MSK-KMT

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

        Plaintiff,

v.

LNC COMMUNITIES II, LLC;
LENNAR COLORADO, LLC;
THE GENESEE COMPANY, LLC; and
LENNAR FAMILY OF BUILDERS LIMITED PARTNERSHIP,

        Defendants.

_____

ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE
_____

**THIS MATTER** comes before the Court pursuant to the Recommendation of a United States Magistrate Judge (#**36**), which recommends that Defendants' Combined Motion to Dismiss or in the Alternative Stay Proceedings and Brief in Support (#**14**) be granted. Plaintiff Insurance Company of the State of Pennsylvania ("ICSOP") filed objections (#**38**) to the Recommendation, to which Defendants responded (#**40**), and ICSOP replied (#**41**). Having considered the same, as well as the docket record in this case and in related case Civil Action No. 11-cv-01346-MSK-KMT, the Court **FINDS** and **CONCLUDES** the following.

## I. Background

This is a dispute regarding insurance coverage. The full history and background are set forth in detail in the Recommendation, which is adopted by reference here. In short, Defendants were settled litigation against them brought by The Falls at Legend Trail Owners Association,

Inc. ("Falls at Legend Trail Lawsuit").  Defendants were insured by two policies issued by primary insurers and by two policies issued by excess insurers, one of which is ICSOP.  At issue is whether the primary and/or the excess insurers had a duty to defend or indemnify the insured Defendants in the Falls at Legend Trail Lawsuit.

Two cases are pending in this Court regarding the coverage dispute: (1) this declaratory judgment lawsuit filed by ICSOP against the Defendants and (2) a parallel lawsuit filed by Defendants against all the insurers (as well as a claims administrator) (the "Parallel Case"), in which Defendants seek determination of all of the insurance coverage issues with all of the carriers.[1]  The Defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(7) on the grounds that the primary insurers must be joined as parties under Fed. R. Civ. P. 19.  Alternatively, they seek discretionary dismissal under the Declaratory Judgment Act.  The Recommendation recommends granting the motion on both grounds.

## II. The Recommendation and Objections

The Recommendation carefully analyzes the elements of Rule 19 and notes that there are multiple bases under this Rule to grant Defendants' motion.  A central component of the analysis is the undisputed fact that ICSOP's obligations are entirely contingent on exhaustion of the benefits under primary insurance policies.  The Recommendation, therefore, concludes that the obligations of the primary insurers must be determined before issues pertaining to the ICSOP's policies arise.  In addition, the Recommendation notes that aside from the exhaustion issue, determining the scope of coverage under primary insurer's and/or ICSOP's policies will likely

---

[1] The Parallel Case was originally filed in state court and then removed to this Court, where it is now pending as Civil Action No. 11-cv-1346-MSK-KMT.  The Defendants (as the Plaintiffs in the Parallel Case) have moved to remand the Parallel Case.

involve resolution of factual issues that are also at issue in the Parallel Case. Although the primary insurers would not be bound by such determinations, there is the potential for judicial inefficiency (with the same issues being determined in multiple proceedings) and prejudice to the absent parties because such determinations might be relied on in other proceedings.

The Recommendation concludes that this declaratory judgment action would not fully resolve the controversy because any adjudication as to the obligations of the primary insurers would not be binding on them. In contrast, the Parallel Suit offers a more comprehensive and conclusive determination of all of the issues. The Recommendation also observes that if the Parallel Case is remanded there is a possibility of friction between the federal and state courts, particularly since the legal issues in both cases involve only questions of state, not federal, law.

ICSOP objects to the Recommendation on the grounds that no determination of whether the primary insurance policies were exhausted is needed because ICSOP and the Defendants do not dispute that the primary policies were not exhausted. However, it appears that the primary insurers contend that the coverage provided in their policies was exhausted. In addition, the Defendants assert that more may be owed under the primary policies than was paid. Therefore, resolution as to the scope of coverage under the primary policies is pertinent to, and indeed perhaps a condition precedent to, any determination of obligations exist under the policy that is the subject of this action.

ICSOP also objects contending that there is no danger of inconsistent judgments or factual determinations because both this case and the Parallel Case are pending in this Court. However, this ignores the pending motion to remand in the Parallel Case. If granted, there is a risk that coverage determinations in the two proceedings could be inconsistent, causing possible prejudice to the primary insurers or to the Defendants.

Finally, ICSOP argues that dismissal of this case will cause it prejudice because its coverage issues will have to be determined along with all of the other insurers' coverage questions, which it contends will take longer than if its issues were determined alone.  Even if this assumption is correct, on balance, any prejudice to ICSOP is greatly outweighed by the efficiency and conclusive determination of all coverage issues in a single proceeding.

The Court agrees with the Recommendation that this case should be dismissed on the grounds that the primary insurers are indispensable parties.  Moreover, the issues herein can be more effectively and efficiently resolved in the Parallel Case.

**IT IS THEREFORE ORDERED**

(1)  The Recommendation of a United States Magistrate Judge (#**36**) is **ACCEPTED** and ICSOP's objections are **OVERRULED**.  Defendants' Combined Motion to Dismiss or in the Alternative Stay Proceedings and Brief in Support (#**14**) is **GRANTED**.

(2)  ICSOP's claims are dismissed without prejudice to determination of the same issues in Civil Action No. 11-cv-1346-MSK-KMT.

Dated this 15th day of November, 2011

                **BY THE COURT:**

                _____

                Marcia S. Krieger
                United States District Judge